JUSTINE O. FOWLER, Respondent, v. THE THIRD AVENUE RAILROAD COMPANY, Appellant.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Place of trial. Change.*—Where it appears that the plaintiff has a greater number of material and necessary witnesses, who will find it more convenient to retain the venue, and that the case will be more quickly tried without a change, a motion on the part of defendant to change the place of trial should be denied.

Appeal from order denying defendant's motion to change the place of trial from Westchester county to the city and county of New York, on the ground of the convenience of witnesses.

Action for injuries to plaintiff alleged to have been caused by defendant's negligence. The accident occurred while plaintiff was attempting to get on board of one of defendant's cars on the Tenth Avenue & One Hundred and Twenty-fifth Street Cable Road.

*William N. Cohen*, for appellant.

*Frederic S. Barnum*, for respondent.

BARNARD, P. J.—The plaintiff is a resident of Westchester county. In March, 1889, she signaled the gripman on one of the defendant's cars to stop, so that she, herself, with her granddaughter and servant could get upon the car. The car stopped and the granddaughter and servant got on the car safely, but while the plaintiff was in the act of doing so, the car suddenly started with a jerk and the plaintiff was thrown down and injured. These facts, as stated in the complaint in respect to the negligence of defendant, are denied in the answer, and the accident is stated therein to have been occasioned by the plaintiff's own negligence. The venue is laid in Westchester county, and the defendant seeks to change the place of trial to the city and county of New York for the convenience of the witnesses.

The many affidavits for defendant state six necessary witnesses who reside in New York. One of these is not very material, as he is stated to have helped plaintiff get up after her fall, and that she got on the car and refused to pay her fare. The plaintiff has a greater number of witnesses who will be convenienced by a trial in Westchester county. The plaintiff and her servant, who was at the accident, two physicians as to her injury, three acquaintances of long standing as to the effect of the injury and that the plaintiff was perfectly well before the accident, and the plaintiff's husband.

It can be considered also that in Westchester county the calendar is called through with scarcely an exception at every term of the circuit court.

The order should, therefore, be affirmed, with costs and disbursements.

PRATT, J., concurs.